The **UNITED STATES of America and Arthur J. Goldberg, Secretary of Labor, United States Department of Labor,** Plaintiffs,

v.

The **GIBBS CORPORATION,** Defendant.

**Civ. No. 4622.**

United States District Court
S. D. Florida,
Jacksonville Division.

March 28, 1962.

Alan Raywid, Atty., Admiralty & Shipping Section, U. S. Dept. of Justice, Washington, D. C., and Edwin G. Salyers, Atty., Office of Sol., U. S. Dept. of Labor, Birmingham, Ala., for plaintiffs.

O. R. T. Bowden, of Hamilton & Bowden, Jacksonville, Fla., for defendant.

706

McRAE, District Judge.

THIS CASE was tried before the Court, without a jury, on December 11, 1961. As a result of the pre-trial conference, the issues that remained for trial were materially reduced.

Counsel for the parties submitted thorough and carefully prepared briefs which have aided the Court in rendering its decision in this case.

In compliance with Rule 52, F.R. Civ.P., 28 U.S.C.A., the Court, upon consideration, makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Plaintiffs began this case on January 19, 1961, by filing a complaint seeking a permanent injunction enjoining defendant, The Gibbs Corporation (hereinafter called "Gibbs"), from violating the provisions of Section 41 of the Longshoremen's and Harbor Workers' Compensation Act, as amended (72 Stat. 835, as amended; 33 U.S.C.A. § 941 et seq. (hereinafter called the "Act"), and the Safety and Health Regulations for Ship Repairing, 29 C.F.R. 8 (hereinafter called the "Regulations"), which are Regulations promulgated under the Act.

2. On January 19, 1961, an Order to Show Cause why a preliminary injunction should not issue to enjoin defendant from violating the Regulations was entered by this Court.

3. On January 27, 1961, plaintiffs' Motion for preliminary injunction was heard and denied.

4. Gibbs is, and at all times herein was, a corporation organized and existing under the laws of the State of Florida, with principal place of business at the foot of Hendricks Avenue, Jacksonville, Florida. Gibbs is engaged in the business of ship repairing and is an employer within the meaning of the Act and the Regulations.

5. Pursuant to authority granted by Section 41(c) of the Act, the Secretary of Labor caused his authorized representatives, Donald P. Gardner and Clement Y. Reed, Safety Consultants of the Bureau of Labor Standards, Department of Labor, to make thorough and careful inspections and investigations of Gibbs' ship repairing facilities and operations in order to determine whether or not Gibbs was complying with the Act and Regulations. These inspections and investigations by the Safety Consultants were made on June 14, June 27, August 18, August 19, September 27, October 25, December 2, December 10 and December 14, 1960, and January 19, 1961.

6. In the course of these inspections and investigations of Gibbs' ship repairing facilities and operations, the Safety Consultants made and filed reports of violations of the Regulations promulgated pursuant to the Act, constituting a total of 121 violations of the Regulations which were properly reported in writing to Gibbs.

7. The said violations noted and duly reported included violations of the provisions of Section 41(a) of the Act and Sections 8.14, 8.15, 8.24, 8.31, 8.32, 8.33, 8.35, 8.36, 8.41, 8.42, 8.43, 8.44, 8.45, 8.51, 8.52, 8.53, 8.58, 8.62, 8.63, 8.72, 8.73, and 8.84.

8. Pursuant to authority granted by Section 41(c), and following a hearing on plaintiffs' motion for a preliminary injunction held on January 27, 1961, the Secretary of Labor caused his authorized representatives, Donald P. Gardner, Edward E. Dagner and Clement Y. Reed, to make authorized inspections and investigations of the Gibbs shipyards in order to determine whether or not Gibbs was complying with the Regulations. These inspections were made on May 5, June 2, June 16, August 3, August 14, September 8, September 15, September 18, September 27, October 22, and November 22, 1961.

9. In the course of these inspections, the Safety Consultants duly noted and reported, and served upon Gibbs, in writing a total of 96 separate violations of the Regulations, and, in particular, violations of Sections 8.13, 8.14, 8.15, 8.32, 8.35, 8.36, 8.41, 8.42, 8.43, 8.45, 8.51, 8.52, 8.68, 8.72, 8.81, 8.82, and 8.84.

10. The violations, in fact, took place as reported by the inspectors.

11. Gibbs introduced no plausible evidence to explain, or to justify, its high incidence of accidents and its failure to take corrective action.

12. From the total of 217 violations of the Regulations (many of them resulting in serious injuries), the Court considers that future violations of the Regulations will take place unless an injunction against such violations is issued.

### CONCLUSIONS OF LAW

1. Jurisdiction of this action is conferred on this Court by Section 41(e) of the Longshoremen's and Harbor Workers' Compensation Act, as amended (72 Stat. 835, as amended; 33 U.S.C.A. § 941 et seq.), and by the Judicial Code (28 U.S.C. § 1343).

2. Pursuant to Section 41(a) of the Act and the Regulations, Gibbs is required to furnish and to maintain employment and places of employment reasonably safe for its employees and to install, furnish, maintain and use such devices and safeguards as are reasonably necessary for the protection of the life, health, and safety of its employees.

3. The 217 reported violations by Gibbs of the Regulations constitute a violation of Section 41(a) of the Act, in that Gibbs has failed to furnish and to maintain employment and places of employment which shall be reasonably safe for its employees.

4. Gibbs contended that there was a denial to it of due process of law in the enforcement of the Regulations, and specifically by reason of the procedures followed by the inspectors in making determinations of violations of the Regulations. The Court finds this contention to be without merit as a matter of law.

5. Under the circumstances of this case, the violations of Section 41(a) of the Act and the Regulations thereunder, there exists a need for permanently enjoining the defendant, The Gibbs Corporation, against further future violations of the particular provisions of the Safety and Health Regulations for Ship Repairing, 29 C.F.R. 8.